Ruffin, C. J..
 

 It is not stated in the case, what length of time elapsed between the administration of the defendant and the making of his inventory, and the commencement of the action by the plaintiff; and wesupgoseit was not thought material to the point ruled on the trial. — ■ We assume, therefore, that the period was sufficient to charge the administrator with the debts as assets come to hand, if he had returned them as good debts; and the only question intended to be presented, was upon the effect of the return, that the debts were desperate. Upon that question we must acknowledge, that the rule laid down in the Superior Court is new to us, and, as we conceive, is erroneous. The effect of it would be, that an executor could never be charged with debts as assets, which he had returned as desperate, unless the creditor proved he had actually collected them; for, as the creditor has not the books of the deceased and cannot know what are the items of account, it would be impossible for him to establish the justice of the debts. Indeed, it would be the same if the debt were due by bond ; for that being in the defendant’s hands, the creditor would be unable to bring the necessary evidence of its execution. In truth, however, both classes of debts are to be deemed
 
 prima facie
 
 to have been debts owing to the deceased, because the executor has returned them as subsisting debts due
 
 *452
 
 to his testator. When he adds, that they are desperate, the presumption is not, that they were not owing, for his return is apparently to the contrary. But the presumption is, that the debtors are not able to pay, and when the creditor shews that they were solvent, and further that a sufficient time has passed to have enabled the executor to have collected the money, if he had used ordinary diligence, he makes a
 
 prima facie
 
 case, which throws the
 
 onus
 
 on the defendant to shew, that he has made some reasonable efforts to collect the debts and could not, because the supposed debtors to the deceased had counter-demands or refused payment, because they denied the debts, or the demands were stale, or the like ; from which it might appear, either that the defendant had been unable to collect the debts after proper efforts, or that no efforts would have been effectual. He has it in his power to produce the evidences of debt, on which his inventory is based, so as to lay before the jury a probable ground in justification of his failure to collect the money, or in excuse for not attempting to collect it.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.